Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |  |
|---|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, | ) ) ) | CV 25-66-M-KLD |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | FIRST AMENDED COMPLAINT |
| UNITED STATES FOREST SERVICE, NATIONAL MARINE FISHERIES SERVICE, and U.S. FISH AND WILDLIFE SERVICE | ) ) ) ) ) | |
| Defendants. | ) | |

## **INTRODUCTION**

1.      In this Complaint Plaintiff Forest Service Employees for

Environmental Ethics (FSEEE) challenges the actions of Defendants United States

Forest Service ("Forest Service"), National Marine Fisheries Service ("NMFS"),

and the U.S. Fish and Wildlife Service ("FWS"), regarding violations of the

Endangered Species Act ("ESA") associated with the Forest Service's use of aerial

fire retardants laced with toxic heavy metals, including cadmium, selenium, and chromium.

2.      As more fully set forth below, FSEEE alleges here that the actions of Defendants violate the APA, 5 U.S.C. §706, et seq., the ESA, 16 U.S.C. §1536, and are enforceable by FSEEE pursuant to 16 U.S.C. §1540. FSEEE seeks declaratory and injunctive relief to mitigate, redress, or avoid irreparable injury to the environment and FSEEE's interests under the law.

3.      If FSEEE prevails, FSEEE will seek an award of costs and attorney fees pursuant to statute.

## JURISDICTION

4.      This Court has jurisdiction under 28 U.S.C. §1331 (federal question); 28 U.S.C. §1361 (mandamus); 28 U.S.C. §§2201-02 (declaratory judgment and further relief).

5.      An actual, justiciable controversy exists between Plaintiff and Defendants.  Plaintiff has exhausted any administrative remedies, including notifying Defendants of their illegal actions at least 60 days prior to filing this complaint, as required by the ESA. This Court has the authority to grant the relief requested.

## VENUE

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), LR 1.2 and LR 3.2.  The Forest Service Northern Region office is in this Division. The Forest Service regularly uses chemical fire retardant to fight wildfires on national forests in this District. There are threatened and endangered ("T&E") species adversely affected by retardant in this District. The aerial retardants used by wildland firefighting agencies are tested and approved by the United States Department of Agriculture's Missoula Technology and Development Center, located in this Division. Plaintiff has members who reside in this Division and who have been injured by the Forest Service actions and activities complained of here.

## PARTIES

7.      Plaintiff Forest Service Employees for Environmental Ethics is a 501(c)(3) nonprofit organization founded in 1989, with its principal place of business in Eugene, Oregon. FSEEE is composed of thousands of concerned citizens, present, former, and retired Forest Service employees, and other government resource managers. FSEEE's mission is to forge a socially responsible value system for the Forest Service based on a land ethic that ensures ecologically and economically sustainable resource management. FSEEE believes that the land is a public trust, to be passed with reverence from generation to generation. FSEEE

is a unique concept—a national organization of government employees holding the Forest Service accountable for responsible land stewardship.

8.      FSEEE's members use and enjoy the National Forest System for outdoor pursuits of every kind, including scientific research, boating, backpacking, birdwatching, camping, climbing, fishing, hunting, and sightseeing. In their pursuit of these activities, our members seek out to view or study threatened and endangered species affected by retardant. Harm to these species from retardant use injures our members use and enjoyment of national forests, including the fish, wildlife, and plants that live in the forests. FSEEE's members intend to continue to use and enjoy national forests frequently and on an ongoing basis in the future, including this year.

9.      The aesthetic, recreational, scientific, and religious interests of FSEEE's members have been and will be adversely affected and irreparably injured if the Forest Service continues to act and fails to act as alleged herein. These are actual, concrete injuries caused by the failure of the Forest Service to comply with mandatory duties under the ESA. The injuries would be redressed by the relief sought.

10.     Defendant Forest Service is an agency of the United States Department of Agriculture responsible for the lawful management of our national forests. Defendant NMFS is an agency of the Department of Commerce

responsible for providing a scientifically accurate and complete biological opinion of the effects Forest Service retardant use has on Threatened and Endangered Species under its jurisdiction. Defendant FWS is an agency of the Department of Interior responsible for providing a scientifically accurate and complete biological opinion of the effects Forest Service retardant use has on Threatened and Endangered Species under its jurisdiction.

## BACKGROUND

11.    Section 7(a)(2) of the ESA requires the Forest Service ensures that any action it takes, including the use of aerial fire retardant, will not jeopardize the survival and recovery of endangered and threatened species or adversely modify a species designated critical habitat. 16 U.S.C. §1536 (a)(2). To fulfill this duty, the Forest Service must obtain from NMFS and FWS their expert, scientific "biological opinion" regarding the effects retardant use will have on Threatened and Endangered species and critical habitat.

12.    Aerial fire retardants contain toxic metals. These metals include vanadium, chromium, manganese, copper, arsenic, cadmium, antimony, barium, thallium, and lead at concentrations four to 2,880 times greater than drinking water regulatory limits. *See* Doc. 1-1(Schammel, M.H., et al., "Metals in Wildfire Suppressants," *Environ. Sci. Technol. Lett.* 2024, 11, 1247-1253) ("USC study").

13.     Based on information and belief, the Forest Service has known about the presence of some, or all, of these metals in aerial fire retardant since well before the publication of the USC study. However, the Forest Service's "biological assessments," which the Forest Service sent to NMFS and FWS to initiate ESA consultation, do not mention toxic metals, except once in passing. *See* Doc. 1-2 and 1-3 ("Mussels are known to be sensitive to numerous pollutants, including, but not limited to, a wide variety of heavy metals, high concentrations of nutrients, ammonia, and chlorine-pollutants commonly found in many domestic and industrial effluents" Doc. 1-2 at 154). Notably, the Forest Service's biological assessments do not disclose to FWS or NMFS the concentration, or even presence, of these toxic metals in aerial retardant.

14.     The Forest Service obtained biological opinions from NMFS and FWS in February 2022, and February 2023, respectively. See Doc. 1-4 and 1-5. Unsurprisingly, as the Forest Service did not tell NMFS and FWS about the presence of toxic metals in retardant, the biological opinions do not mention, must less assess, the direct, indirect, or cumulative effects that retardant's toxic metals will have on Threatened and Endangered species. The biological opinions focus exclusively on retardant's fertilizer ingredients (e.g., phosphate and ammonia), which coat vegetation to slow combustion.

15.     At the risk of doing the regulatory agencies job for them, Plaintiff points out the obvious – toxic metals in aerial retardant are bad for many Threatened and Endangered species. *See* Doc. 1-6, Sanchez, et al., "Heavy Metal Pollution as a Biodiversity Threat," chapter in *Heavy Metals*, DOI: 10.5772/intechopen.74052. These harms include the cumulative impact of retardant-related heavy metals combined with other heavy metal sources, such as mining, agriculture, and industry.

16.     Sixty days have passed since the notice was served, and the violations complained of in the notice letter are continuing at this time.

## CLAIMS FOR RELIEF

### Violations of the Endangered Species Act, 16 U.S.C. §§ 1531-1544, by the Forest Service

17.     Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

18.     The Forest Service has a duty pursuant to ESA Section 7(a)(2) to ensure that its actions are not likely to jeopardize the continued existence of endangered and threatened species or result in the destruction or adverse modification of such species critical habitat. 16 U.S.C. §1536(a)(2). To fulfill this duty, the Forest Service must first disclose accurately to FWS and NMFS that it is

dumping toxic metal-laced aerial fire retardant throughout the national forests and adjacent lands where it uses aerial retardant to fight wildfires.

19.     Second, the Forest Service must obtain from NMFS and FWS biological opinions that assess the effects on threatened and endangered species from the dumping of toxic metal-laced aerial fire retardants.

20.     Third, the Forest Service must consider the new biological opinions before it uses toxic metal-laced aerial fire retardant.

21.     The Forest Service has failed to perform any of these three duties, in violation of the ESA, 16 U.S.C. §§1531-1544.


## Violation of the Administrative Procedure Act (5 U.S.C. §§ 701–706) – Arbitrary, Capricious, and Unlawful Biological Opinions

22.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

23.     Section 7 of the Endangered Species Act requires every federal agency to consult with the U.S. Fish and Wildlife Service and National Marine Fisheries Service to ensure that any action the agency authorizes, funds, or carries out is not likely to:

a.      (a) jeopardize the continued existence of any endangered or threatened species, or

b.      (b) result in the destruction or adverse modification of designated

critical habitat.

16 U.S.C. § 1536(a)(2).

24.    The biological opinions challenged in this case are final agency

actions reviewable under the Administrative Procedure Act.

5 U.S.C. §§ 702, 704.

25.    Under the APA, courts must "hold unlawful and set aside" agency

action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law." 5 U.S.C. § 706(2)(A).

26.    The Services' biological opinions fail to use the best scientific and

commercial data available, as required by the ESA. 16 U.S.C. § 1536(a)(2).

27.    The biological opinions arbitrarily fail to consider the adverse effects

of heavy metals, including cadmium, chromium, selenium, and vanadium, in

concluding that the use of aerial fire retardant is not likely to jeopardize listed

species or adversely modify critical habitat.

28.    NMFS and FWS failed to:

a.      Analyze the full extent of the proposed action's impacts on listed

species and critical habitat;

b.      Provide a rational connection between the facts found and the

conclusions made; and,

c.    Consider the cumulative effects of the action in combination with other past, present, and reasonably foreseeable future actions;

29.    As a result, the biological opinions are arbitrary, capricious, and contrary to the ESA and APA.

30.    Plaintiff is entitled to relief under the APA setting aside the biological opinions and remanding them to NMFS and FWS for preparation of lawful biological opinions.

**WHEREFORE, Plaintiff Requests the Following Relief:**

A.    Declare that the Forest Service's continuous and on-going dumping of toxic metals-laced aerial fire retardant violates the ESA;

B.    Grant Plaintiff injunctive relief to compel the Forest Service to comply with applicable environmental statutes, prevent irreparable harm, and satisfy the public interest;

C.    Set aside and remand the biological opinions to NFMS and FWS;

D.    Award Plaintiff its costs, expenses, expert witness fees, and reasonable attorney fees under applicable law; and

E.    Grant Plaintiff such further relief as may be just, proper, and equitable.

10

DATED this 7th day of May, 2025.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

Attorney for FSEEE