ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

MEREDITH L. FLAX
Deputy Section Chief
NICOLE M. SMITH
Assistant Section Chief
BONNIE BALLARD
Trial Attorney (Maryland Bar No. 2211280027)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 532-5567
Email: bonnie.m.ballard@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES FOREST SERVICE, NATIONAL MARINE FISHERIES SERVICE, and U.S. FISH AND WILDLIFE SERVICE <br><br> Defendants. | **CV 25-66-M-DWM** <br><br><br> **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONDUCT DISCOVERY** |

## INTRODUCTION

Plaintiff's Motion for Discovery in this case is an improper request to engage in *de novo* review of claims that this Court has consistently held are limited to the administrative record. As explained more fully below, discovery is inappropriate here because this is an action that alleges Federal Defendants violated the Endangered Species Act ("ESA") and the Administrative Procedure Act ("APA"), and judicial review of these claims is governed by the standard of review and scope of review of the APA. 5 U.S.C. §§ 701-706. As Plaintiff is aware, this Court and others in the Ninth Circuit have consistently held that judicial review in cases with both ESA and APA claims is limited to the administrative record, and the Ninth Circuit case that Plaintiff relies on does not present any new arguments that would support a departure from this Court's previous rulings.

Even where courts in this district have allowed a departure from traditional record review principles, the consistent rule is that review is limited to the administrative record unless Plaintiff can show any of the traditional four exceptions to the record review rule apply. *See All. for Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1197 (D. Mont. 2019) ("[T]he traditional four exceptions still apply to plaintiffs' requests for supplementation of the administrative record for ESA claims." (citation omitted)). Plaintiff has not even attempted to make such

a showing that a record exception applies, or that the administrative record is inadequate such that discovery would be necessary to aid judicial review. Nor could Plaintiff. Defendants have not yet lodged the administrative record. Consequently, Plaintiff's discovery request is premature. At minimum, discovery would need to await: (1) the production of the administrative record and (2) a showing by Plaintiff that discovery is necessary because the administrative record is inadequate. Accordingly, Plaintiff cannot meet its burden to show that the administrative record is inadequate such that discovery is required. Plaintiff's Motion to Conduct Discovery should be denied.

## ARGUMENT

As demonstrated below, both claims in this case are governed by the record review principles outlined in Section 706 of the APA. Because Plaintiff's claim against the U.S. Fish and Wildlife Service and the National Marine Fisheries Service (collectively, "the consulting agencies") is asserted squarely under the APA, ECF No. 3 ¶¶ 22-30, precedent requires judicial review of that claim to be limited to the administrative record provided by the agencies. *See Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005) (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985)). This rule exists for good reason – to conduct the appropriate review under the APA's standards, the reviewing court must adjudge the challenged agency action based on the information available to the

agency at the time of the decision. *See Fla. Power & Light Co.*, 470 U.S. at 743. Consequently, "[w]hen a reviewing court considers evidence that was not before the agency, it inevitably leads the reviewing court to substitute its judgment for that of the agency." *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980). In so imposing its judgment, the reviewing court effectively conducts a *de novo* review of the agency's action rather than limiting itself to the deferential procedural review that the APA's arbitrary or capricious standard permits. *See River Runners for Wilderness v. Martin*, 593 F.3d 1064, 1070 (9th Cir. 2010) (per curiam). That is why a reviewing court that "cannot find substantial evidence in the record . . . should not compensate for the agency's dereliction by undertaking its own inquiry into the merits . . . but should remand to the agency for further proceedings." *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 603 (9th Cir. 2014) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

Though Plaintiff's claim against the U.S. Forest Service ("Forest Service") is pleaded under the ESA, it is similarly limited to the administrative record. As explained more fully below, a court's "review of an agency's compliance with the ESA is governed by the Administrative Procedure Act." *Greater Yellowstone Coal. Inc. v. Servheen*, 665 F.3d 1015, 1023 (9th Cir. 2011) (citation omitted). Because the ESA does not specify a scope or standard of review, the Ninth Circuit has followed the Supreme Court's instructions and applies the APA standard to such

claims. *See, e.g.*, *Vill. of False Pass v. Clark*, 733 F.2d 605, 609 (9th Cir. 1984)

("Because [the] ESA contains no internal standard of review, section 706 of the

[APA], 5 U.S.C. § 706, governs review of the Secretary's actions." (citation

omitted)). As noted above, in order to comply with the APA standard of review, a

reviewing court invariably must confine itself to the APA scope of review, absent

extraordinary circumstances. *See Jewell,* 747 F.3d at 602 ("There is a danger when

a reviewing court goes beyond the record before the agency."). Thus, Plaintiff's

ESA claim asserted against the Forest Service must also be limited to the

administrative record. And, as Defendants have not yet lodged the administrative

record, Plaintiff's unsupported belief that the administrative record will not contain

certain speculative information is insufficient to show that discovery is necessary

to supplement the administrative record in this case. Accordingly, Plaintiff's

request to conduct discovery should be denied.

I.    **Review of Plaintiff's APA claim against the U.S. Fish and Wildlife
      Service and the National Marine Fisheries Service is limited to the
      administrative record.**

First, Plaintiff's claim against the consulting agencies is a challenge to the

substance of the consulting agencies' biological opinions and alleged solely under

the APA. ECF No. 3 ¶¶ 22-30. Therefore, this claim, Claim 2, must be governed

by the scope and standard of review of the APA. While Plaintiff's Motion

conflates both claims alleged in this case as ESA claims, ECF No. 13 at 4, Plaintiff

did not allege its claim against the consulting agencies under the ESA. *See* ECF No. 3 ¶¶ 22-30. Nor could Plaintiff. In *Bennett v. Spear*, the Supreme Court confronted the question of whether a claim that the U.S. Fish and Wildlife Service as the consulting agency had violated ESA Section 7 in its administration of the statute (as Plaintiff alleges here as to both consulting agencies in Claim 2) was actionable under the ESA's citizen-suit provision, 16 U.S.C. § 1540(g)(1), and unequivocally held that it was not. *See* 520 U.S. 154, 174 (1997). Instead, the Court held that such claims *can only be brought under the APA*. *Id.* at 174-75. Thus, Plaintiff's challenge to the consulting agencies' biological opinions is solely authorized for review under the waiver of sovereign immunity provided by the APA. *Id.*; *see also Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1124 (9th Cir. 1997), *as amended* (Sept. 16, 1997) ("[C]hallenges to the adequacy of biological opinions against the Secretary of the Interior, when acting in his capacity as Administrator of the Endangered Species Act, are not properly pled as citizen suit claims under Section 11(g)(1)(A) of the Act.").

To that end, there is no question that review of Plaintiff's APA claim against the consulting agencies must be limited to the administrative record. *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). Indeed, it is a bedrock principle of administrative law that, to conduct the appropriate review under the APA's standards, the reviewing

court must adjudge the challenged agency action (or inaction) based on the administrative record provided by the agency. Congress made this explicit in the APA, as it directed that a reviewing court "shall" consider the administrative records proffered by the defendant agencies. 5 U.S.C. § 706. The Supreme Court has made clear that a reviewing court's role is not to create its own record and conduct *de novo* fact finding. *Camp*, 411 U.S. at 142 (per curiam) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). Moreover, Federal Rule of Civil Procedure 26 expressly exempts "action[s] for review on an administrative record" from the initial disclosure requirement. Fed. R. Civ. P. 26(a)(1)(B)(i).

Such principles are necessary in APA cases to "ensure[] that the reviewing court affords sufficient deference to the agency's action," as required by the APA standard of review. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014). Accordingly, review of Plaintiff's APA claim asserted against the consulting agencies must be limited to the administrative record unless Plaintiff can show any of the traditional four exceptions to the record review rule apply. *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (holding that "[t]he task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the

reviewing court" unless the Court determines "narrowly crafted exceptions" to the "general rule" apply) (quoting *Fla. Power & Light Co.*, 470 U.S. at 743-44)); *see also Occidental Eng'g Co. v. I.N.S.*, 753 F.2d 766, 769 (9th Cir. 1985) (holding that the court's role "is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did"). As Defendants have not yet lodged the administrative record in this case, and as Plaintiff has not even attempted to show that one of the record review exceptions applies, discovery is not available here and the Court should reject Plaintiff's request.

## II.    Review of Plaintiff's ESA claim against the Forest Service is also limited to the administrative record.

Plaintiff's ESA claim against the Forest Service is also governed by APA record review principles and thus the scope of review should similarly be limited to the administrative record. The Supreme Court has held that judicial review pursuant to statutes like the ESA where "Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed" should be "confined to the administrative record and that no *de novo* proceeding may be held." *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963); *see also Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*, 423 U.S. 326, 331 (1976) (per curium) (holding that even when a claim is not brought under the APA, "review of administrative decisions is to be confined to 'consideration of the

decision of the agency . . . and of the evidence on which it was based.'" (quoting *Carlo Bianchi & Co.*, 373 U.S. at 714-15)). The Supreme Court's holding in *Carlo Bianchi* mirrors the APA, which requires courts to review agency action based on "the whole record" unless a later-enacted statute "expressly" supersedes or modifies that provision. 5 U.S.C. §§ 559, 706.

In following this standard, the Ninth Circuit has similarly held that courts "may not consider information outside of the administrative record" when reviewing ESA citizen-suit claims under the APA standard. *Nw. Ecosystem All. v. U.S. Fish & Wildlife Serv.*, 475 F.3d 1136, 1140 (9th Cir. 2007) (citation omitted); *see also Jewell*, 747 F.3d at 601-02 (applying APA "standards" to ESA claims and limiting review to the administrative record). Although this Court has consistently held otherwise – as Plaintiff admits in its Motion – Plaintiff continues to put forth the argument that the court in *Western Watersheds Project v. Kraayenbrink* 632 F.3d 472 (9th Cir. 2011) overruled decades of Ninth Circuit precedent and contradicted the Supreme Court by allowing *de novo* review of ESA claims. ECF No. 13 at 4 (citing *Kraayenbrink*, 632 F.3d at 496). But *Kraayenbrink* is clear that the district court and the Ninth Circuit in those proceedings did not countenance *de novo* proceedings, rather, they reviewed an administrative record, which was then supplemented with limited extra-record material. 632 F.3d at 497-498; *Western Watersheds Project v. Kraayenbrink*, 538 F. Supp. 2d 1302, 1322-1323 (D. Id.

9

2008) (considering extra-record expert declarations submitted by plaintiffs). As one district court noted, *Kraayenbrink* does not support "a sharp departure from the traditional rule of limiting the scope of review of agency action to the agency record." *WildEarth Guardians v. U.S. Forest Serv.*, No. CV-10-00385-TUC, 2011 WL 11717437 (D. Ariz. Apr. 26, 2011); *see also Sierra Club v. McLerran*, No. C11–1759, 2012 WL 5449681, *2 (W.D. Wash. Nov. 6, 2012) (rejecting the notion that *Kraayenbrink* eliminated APA record review guidelines). Time and time again, this Court has confirmed this interpretation of *Kraayenbrink* as the most logical one, holding that "ESA claims are subject to the same records limitations as other APA cases" and that "that the traditional four exceptions still apply to plaintiffs' requests for supplementation of the administrative record for ESA claims" but that "the narrowness of the construction and application of these exceptions . . . should be relaxed[.]" *Probert*, 412 F. Supp. at 1197-98 (citing *All. for Wild Rockies v. Kruger*, 950 F. Supp. 2d 1172, 1177 (D. Mont. 2013) and *Native Ecosystems Council v. Marten*, 334 F. Supp. 3d 1124, 1129 (D. Mont. 2018)).

While Plaintiff claims that a single Ninth Circuit case – *Nat'l Fam. Farm Coal. v. EPA* 966 F.3d 893 (2020) – affirms Plaintiff's view that this Court should now allow *de novo* review of ESA claims, the Ninth Circuit's conclusions regarding extra-record material in that case do not justify Plaintiff's desired

departure from this Court's previous rulings. The court in *Nat'l Fam. Farm Coal.* makes only a brief, conclusory statement within a footnote that simply quotes *Kraayenbrink*, rather than "re-affirm[ing]" Plaintiff's overly broad interpretation, ECF No. 13 at 6. *See Nat'l Fam. Farm Coal.*, 966 F.3d at 926 n.11 (stating in a one-sentence footnote that "Although [an Interim Report sent to Congress by the agency] is not in the administrative record, [the court] can consider it 'for the limited purpose[] of reviewing [Petitioners'] ESA claim.'" (quoting *Kraayenbrink*, 632 F.3d at 497)). Thus, *Nat'l Fam. Farm Coal* in no way resolves any perceived uncertainty of *Kraayenbrink's* holding that this Court alluded to in *Probert*, 412 F. Supp. 3d at 1196-97, let alone make a firm holding that entirely discards APA record review principles as Plaintiff alleges. To be sure, the Ninth Circuit has issued numerous opinions post-*Kraayenbrink* – and post-*Nat'l Fam. Farm Coal.* – that are consistent with the District of Montana's interpretation of *Kraayenbrink*. *See Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012) (en banc) (stating that the "agency's compliance with the ESA is reviewed under the [APA]" and that review is "based upon our review of the administrative record"); *Jewell*, 747 F.3d at 603 (holding that the court reviews "claims under [the ESA] under the standards of the APA" and that "review is limited to the administrative record"); *Ctr. for Biological Diversity v. Haaland*, 87 F.4th 980, 987 (9th Cir. 2023) ("The APA governs our review of agency decisions under the

11

ESA."); *Friends of Animals v. Haaland*, 997 F.3d 1010, 1015 (9th Cir. 2021) ("The

Court reviews agency decisions under the ESA pursuant to Section 706 of the APA

. . . and the court is not to substitute its judgment for the agency's judgment");

*Hunters v. Moore*, No. 23-4120, 2025 LX 273781, at *2 (9th Cir. Feb. 25, 2025)

("Challenges to agency action under the ESA are governed by the same standards

as the Administrative Procedure Act, 5 U.S.C. § 706." (citing *Karuk Tribe*, 681

F.3d at 1017)).

 Moreover, the extra-record material considered by the court in *Nat'l Fam.*

*Farm Coal.* was a publicly available document generated by the defendant

agencies in that case. 966 F.3d at 926 (discussing an extra-record "Interim Report

to Congress EPA and the consultation agencies sent to Congress in November

2014"). A publicly available report that can be found on a government website is a

"far cry" from the seemingly unbounded discovery on three Defendant agencies

that Plaintiff insists it is entitled to here. *Sierra Club*, 2012 WL 5449681, at *2

("While the Ninth Circuit ratified the district courts' use of discretion in those

cases to supplement the record, it is a far cry to state that those cases require a

district court to engage in *de novo* review of the record, or that the APA's

standards are inapt guidelines."). Indeed, the court's consideration of the extra-

record report in *Nat'l Fam. Farm Coal.* falls squarely in line with the court's

decision in *Kraayenbrink*, which allowed the district court's use of discretion to

12

supplement the record rather than conduct a *de novo* review as to Plaintiff's ESA claim. *See id.* ("[In *Kraayenbrin*k], the issue before the Ninth Circuit was whether the district court had properly allowed the parties to supplement the record with expert opinions and studies."). Likewise, the court's brief statement about extra-record material in *Nat'l Fam. Farm Coal.* firmly aligns with the District of Montana's position regarding "the applicability of the Ninth Circuit's statements in *Kraayenbrink* to the four exceptions for supplementation of the administrative record." *See Marten*, 334 F. Supp. 3d at 1129.

And while some district courts have relied on *Kraayenbrink* for the proposition that APA record review rules do not apply to review of ESA claims, Plaintiff is incorrect that this Court is "virtually alone in the Ninth Circuit" in its interpretation of *Kraayenbrink*, ECF No. 13 at 7. Indeed, this Court, along with numerous courts in this District and throughout the Ninth Circuit have routinely affirmed that APA record review principles govern review of ESA claims and that *Kraayenbrink* does not expressly hold otherwise. *See, e.g.*, *350 Mont. v. Bernhardt*, 443 F. Supp. 3d 1185, 1201 (D. Mont. 2020) ("[T]his Court has consistently concluded that [*Kraayenbrink*] did not eliminate the administrative record limitation in ESA cases."); *Ctr. for Biological Diversity v. Bernhardt*, CV 19-109-M, 2020 WL 113036, at *4 (D. Mont. Mar. 9, 2020) ("[T]he Court has already determined that review of an ESA case is limited to a review of the record.")

(citation omitted); *Yaak Valley Forest Council v. Vilsack*, 563 F. Supp. 3d 1105, 1113 (D. Mont. 2021) (stating that although "[t]he Ninth Circuit . . . allows a broader temporal consideration of what compromises the administrative record in failure-to-act cases . . . This broader consideration, however, does not give the parties carte blanche to include any and all extra-record materials"); *Ctr. for Biological Diversity v. Wolf*, 447 F. Supp. 3d 965, 971-72 (D. Ariz. 2020) ("In light of the contradictory authority, the Court finds . . . the traditional four exceptions still apply to plaintiffs' requests for supplementation of the administrative record for ESA claims.") (citation omitted); *Shearwater v. Ashe*, Case No. 14–CV–02830, 2015 WL 4747881, at *10 (N.D. Cal. Aug. 11, 2015) (concluding that an ESA failure to consult claim is reviewed under the APA standards and limited to the administrative record); *WildEarth Guardians*, 2011 WL 11717437, at *1 (denying discovery and supplementation based on claimed "new standard announced in *Kraayenbrink*."); *Ecological Rts Found. v. Fed. Emergency Mgmt. Agency*, 384 F. Supp. 3d 1111, 1119 (N.D. Cal 2019) (noting "[a] few courts appear on occasion to have afforded a broader consideration of extra-record materials in ESA disputes," but finding "the material in the administrative record is sufficient to resolve the cross-motions without resort to external materials"). Therefore, Plaintiff's request that the Court disregard APA record review principles in this case is unfounded and should be denied.

## CONCLUSION

In sum, the Court's review of this case is governed by record review principles outlined in the APA and thus is limited to the administrative record. As Federal Defendants have not yet filed the administrative record in this case, Plaintiff has not made the required showing that extra-record materiel obtained through discovery is necessary for the Court to adjudicate the merits of Plaintiff's claims. Accordingly, the Court should deny Plaintiff's Motion to Conduct Discovery.

Dated: November 19, 2025                Respectfully submitted,

                                        ADAM R.F. GUSTAFSON
                                        Principal Deputy Assistant Attorney General
                                        MEREDITH L. FLAX
                                        Deputy Section Chief
                                        NICOLE M. SMITH
                                        Assistant Section Chief

                                        */s/ Bonnie Ballard*
                                        BONNIE BALLARD
                                        Trial Attorney (Maryland Bar No. 2211280027)
                                        United States Department of Justice
                                        Environment & Natural Resources Division
                                        Wildlife & Marine Resources Section
                                        Ben Franklin Station
                                        P.O. Box 7611
                                        Washington, DC 20044-7611
                                        Tel: (202) 532-5567

Fax: (202) 305-0275
Email: bonnie.m.ballard@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), the undersigned counsel certifies that this Response contains 3296 words, excluding the parts that do not count towards the limitation as provided in Local Rule 7.1(d)(2)(E). In making this certification, I have relied on  the word count of the word-processing system used to prepare the brief.

*/s/ Bonnie Ballard*
BONNIE BALLARD

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ Bonnie Ballard*
BONNIE BALLARD